Pearson, C. J.
 

 In March, 1853, the parties enter into a covenant; Sadler to convey to Williams a lot in the town of Charlotte, at the price of $3250 ; Williams to erect a hotel on the lot; Sadler to rent the hotel for five years, at ten per cent per annum on the cost. At the expiration of the second year, the lease was surrendered, and Sadler sold the furniture to Williams at the price of $2300. The parties differing as to the amount of the rent, agree to leave that matter to arbitration, and by an award, it is fixed at $2336,86, for the two years. Sadler brings an action for the price of the furniture, and judgment is rendered for $1447,10 balance, after deducting set-offs; he is also prosecuting an action for the price of the lot. Williams, on his part, is prosecuting an action at law, against Sadler for the amount of the rent, which he alleges is about $5000. In bar of this suit, Sadler relies on the award. Thereupon, Williams files this bill, the object of which is to bring the whole matter into a court of equity, on the ground, that it is so complicated, that a court of common law cannot do complete justice, and
 
 *379
 
 on the further allegation, that the plaintiff is entitled to many equitable set-offs, which were not allowed in the action for the price of the furniture ; that the award is void, because the plaintiff had no notice, and that Sadler is insolvent. The prayer is for an account of all the several matters, and for a con - veyance of the lot; and as ancillary to the relief sought, the plaintiff asks for an injunction against an execution on thejudgment, that the proceedings in the action for the price of the lot be stayed, and that Sadler be restrained from relying on the award, as a bar to the plaintiff’s action for the rent.
 

 The answer avers that on the trial of the action for the price of the furniture, Williams was allowed all of the set-offs which he claims, as well equitable as legal; that the defendant tendered a deed for the lot, which he is still willing to deliver; that the plaintiff had due notice of the time of making the award, and handed to the arbitrators his estimates of the costs of the hotel, which were duly considered by them in connection with alike statement handed in by the defendant; that the balance, $1447 10, the price of the furniture fixed by the judgment is justly due, and also, a large balance on the price of the lot, after deducting the amount of the award; so the plaintiff is indebted to the defendant; and, he further denies the allegation of his insolvency, and avers that he owns another lot of the value of $1000.
 

 A motion to dissolve the injunction that had issued, according to the prayer of the bill was, proforma, refused, and the injunction continued over until the hearing, from which order the defendant appealed.
 

 There is error. The decretal order must be reversed, and the injunction dissolved.
 

 In respect to the execution of the judgment at law: The equity growing out of the alleged right to set-offs, is fully denied, and without any evasion, the defendant swears, that all of the equitable set-offs which are specified in the bill, were allowed on the trial at law, and the award of the plaintiff’s claim, thereby reduced from $2300, the price of the furniture, to $1447 10.
 

 
 *380
 
 In respect to the action, for the price of the lot, the injunction staying the trial at law, was improviden-tly granted.. It is the ordinary course to restrain the
 
 execution,
 
 but allow the plaintiff to proceed to judgment at law; and it is only upon an averment in the bill, that the plaintiff in equity, believes the answer will afford discovery material to his defense at law, that an injunction
 
 to stay the
 
 trial, ought to be granted ; Adams’ Eq. 195. In this case the plaintiff was bound by his covenant to give a note for the price of the lot; which he has failed to do-; and now seeks to prevent the defendant from getting a judgment at law. As a preliminary to coming into this Court, it was necessary for him to confess judgment for the- price of the lot. The defendant had at least a right to go that far. In- respect to the award, according to the plaintiff’s own showing it was void, and did not stand in the way of his action for the rent; so he has adequate relief at law ; and if he did not wish to proceed with his action, and encounter the award in a court of law, all he had to do, was to take a non-suit and file a bill. In short, this proceeding on the part of the plaintiff was misconceived. If the several matters had been so complicated, that a court of common law could not do complete j ustice, and the plaintiff desired to have an account, taken under the direction of this Court, and to have a title for the lot, he ought, in order to get a footing here, to have confessed a judgment for the price of the lot, so as to put an end to that action, and to-,have stopped his own action by a nonsuit, and then, being out of that court, he could have come into this, to get title and for an adjustment of the whole matter, and by way of being rid of the award, he could set out the matter of impeachment,, which if sustained, would leave the question as to the cost of the building, &c., open for adjustment by a reference. But he is not at liberty, according to the course of this Court, to have two actions pending at law, and produce a multiplicity of suits, by coming into this Court in respect to the same matters of controversy.
 

 This opinion will be certified.
 

 Per Curiam, ' Decree accordingly.